# UNITED STATES DISTRICT COURT
# FOR DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| Susan A. Butler, | ) | Case No. 2:18-cv-2522-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DEFENDANTS' RESPONSES TO** |
| | ) | **RULE 26.01 INTERROGATORIES** |
| Carl L. King, J.D.; Megan W. Dunham, | ) | |
| J.D.; and Culp Elliott & Carpenter, PLLC, | ) | |
| | ) | |
| Defendants. | ) | |

Defendants Carl L. King, J.D., Megan W. Dunham, J.D., and Culp Elliott & Carpenter, PLLC provide the following responses to the interrogatories set forth in District of South Carolina Local Civil Rule 26.01:

(A) State the full name, address, and telephone number of all persons or legal entities who may have a subrogation interest in each claim and state the basis and extent of that interest.

**Defendants are unaware of any subrogation interests at this time.**

(B) As to each claim, state whether it should be tried jury or nonjury and why.

**Plaintiff has demanded a jury trial for both causes of action, professional negligence and breach of contract, in her Complaint. Defendants assert that both causes of action should be determined by bench trial because they are based on an underlying family court matter that was, or should have been, decided by a state family court judge. See *Harline v. Barker*, 912 P.2d 433, 440 (Utah Sup.Ct. 1996) (stating that the trial within a trial of an attorney malpractice claim should not be heard by a lay jury when, "by statute or other rule of law, only an expert judge could have made the underlying decision."). The same analysis is true with respect to Plaintiff's alleged losses based upon allegedly incorrect tax advice.**

(C) State whether the party submitting these responses is a publicly owned company and separately identify (1) any parent corporation and any publicly held corporation owning ten percent (10%) or more of the party's stock; (2) each publicly owned company of which it is a parent; and (3) each publicly owned company in which the party owns ten (10%) percent or more of the outstanding shares.

**This interrogatory is not applicable to Defendants Carl King and Megan Dunham. Culp Elliott & Carpenter, PLLC ("the firm") is a private professional limited liability company. No portion of the firm is held by a publicly owned company. The firm is owned by its membership and has no parent company.**

(D) State the basis for asserting the claim in the division in which it was filed (or the basis of any challenge to the appropriateness of the division). See Local Civ. Rule 3.01 (D.S.C.).

**Plaintiff has asserted that this division is the correct forum for her suit. Although Defendants reside, work, or operate in North Carolina, they do not object to the venue of the United States District Court for the District of South Carolina, Charleston Division.**

(E) Is this action related in whole or in part to any other matter filed in this district, whether civil or criminal? If so, provide (1) a short caption and the full case number of the related action; (2) an explanation of how the matters are related; and (3) a statement of the status of the related action. Counsel should disclose any cases that may be related regardless of whether they are still pending. Whether cases are related such that they should be assigned to a single judge will be determined by the clerk of court based on a determination of whether the cases arise from the same or identical transactions, happenings, or events; involve the identical parties or property; or for any other reason would entail substantial duplication of labor if heard by different judges.

**Defendants are unaware of any other action related in whole or in part filed in the district court.**

(F) If the defendant is improperly identified, give the proper identification and state whether counsel will accept service of an amended summons and pleading reflecting the correct identification.

**Defendants are correctly identified although Megan W. Dunham has married since the events of this matter and her name is now Megan Warren.**

(G) If you contend that some other person or legal entity is, in whole or in part, liable to you or the party asserting a claim against you in this matter, identify such person or entity and describe the basis of their liability.

**Kevin M. Barth, Esquire of Barth, Ballenger & Lewis, LLP in Florence, South Carolina may share or be wholly responsible for any domestic law related liability of Defendants, if it exists, which Defendants deny, in this case. Mr. Barth was engaged by Defendants, who practice in North Carolina, for the specific purpose of assuring that all South Carolina domestic law considerations were reviewed in the prenuptial agreement that Plaintiff alleges is defective, which Defendants deny. Defendants relied upon Mr. Barth for South Carolina domestic law issues and any defect in the prenuptial agreement would be his responsibility, in whole or in part.**

*Signature on following page*

        <u>s/Warren C. Powell, Jr.</u>
        Warren C. Powell, Jr. (Fed ID No. 3138)
        Chelsea J. Clark (Fed. ID No. 12730)
        Bruner Powell Wall & Mullins, LLC
        PO Box 61110
        Columbia SC 29260
        (803) 252-7693
        (803) 254-5719 (Fax)
        wpowell@brunerpowell.com
        cclark@brunerpowell.com
        *Attorneys for Defendants*

Columbia, South Carolina
October 19, 2018