UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Civil Action No. 2:18-cv-02522-RMG

| | |
|---|---|
| Susan A. Butler,<br><br>                             Plaintiff,<br><br>vs.<br><br>Carl L. King, Esq.; Megan W. Dunham, Esq.; and CULP ELLIOTT & CARPENTER, PLLC,<br><br>                            Defendants. | **PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER TO LIMIT THE DEPOSITION OF SUSAN A. BUTLER, MOTION IN LIMINIE, OR ALTERNATIVELY, FOR A STAY** |

TO:    WARREN C. POWELL, JR., ESQ. AND CHELSEA J. CLARK, ESQ., COUNSEL FOR DEFENDANTS:

Plaintiff respectfully submits this Reply to Defendants' Opposition to Plaintiff's Motion For a Protective Order to Limit the Deposition of Susan A. Butler, Motion in Limine, or, Alternatively, for a Stay.

### Arguments in Reply

**1.    The Court should enter an Order staying this case until the completion of the pending criminal proceedings against Ms. Butler.**

With one exception, this entire case should be stayed pending the resolution of the Indictment proceedings, United States of America v. Susan A. Butler, 3:19-cr-00088-JFA, ECF #2 (D.S.C., filed Jan. 15, 2019).[1] Defendants, in their Opposition Memorandum to this motion, do not

---

[1] The one exception would be the parties' participation in the mediation presently scheduled for October 8, 2019.

contest or object to an Order staying this case. See (ECF No. 32 at p. 18) ("Plaintiff has requested in the alternative a stay, pending resolution of the criminal case, in the event the Court denies Plaintiff's motion for protection. Defendants are at the pleasure of the Court as to that issue."). Once the Indictment proceedings are completed, Plaintiff will withdraw her objections to the questions posed to her during her deposition, as well as her objections to the other discovery concerning the Indictment. Plaintiff's obvious motivation to assert these objections is to avoid events occurring in the civil lawsuit affecting her defense in the Indictment proceedings. An Order staying this case will allow her to defend the government's claims in the Indictment proceedings without complications from the civil lawsuit, and without prejudice to the respective parties' abilities to pursue their claims or defenses in this civil lawsuit. Ms. Butler will withdraw her objections to the discovery related to the Indictment once the Indictment proceedings are completed, which will resolve all of the three pending motions related to discovery concerning the Indictment. (ECF #25, Defendants' Motion and Memorandum of Law For Leave to Depose And score serrated Persons and For An extension of Time to Complete Discovery; ECF #27, Plaintiff's Motion for Protective Order to Limit the Deposition of Susan A. Butler, Motion in Limine, or, Alternatively, for a Stay; and ECF #31, Defendants' Motion and Memorandum of Law For an Order Allowing Defendants to Discover Emails to/from Plaintiff Produced by the United States Attorney in United States the Susan A Butler, Case Number 3:19-cr-00088-JFA and for an Order to Produce the Same or Additional Time Allowing Such Discovery).

In addition, given that the parties have agreed upon a mediator and have scheduled mediation on October 8, 2019, there is a possibility that the claims in this case will be resolved in the near future.

## **Legal Standard for an Order Staying the Case**

A district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254, 57 S.Ct. 163 (1936). The factors for considering a motion to stay are: "(1) whether discovery is complete and a trial date is scheduled; (2) whether a stay would simplify the matters at issue; and (3) whether a stay would unduly prejudice or clearly disadvantage the non-moving party." SafeRack, LLC v. Bullard Co., No. 2:17-CV-1613-RMG, 2018 WL 3696557, at *1 (D.S.C. Aug. 3, 2018) (quoting NAS Nalle Automation Sys., LLC v. DJS Sys., Inc., No. CV 6:10-2462-TMC, 2011 WL 13141594, at *1 (D.S.C. Nov. 23, 2011)).

Discovery in this civil lawsuit is not complete and a trial date has not been scheduled. This civil lawsuit was filed only a few months before the United States government issued the Indictment against Ms. Butler. While no specific trial date has been set in either matter, it is likely that the trial in the Indictment matter will occur in early 2020, which would then allow this civil lawsuit to proceed without significant delay overall.

Resolution of the Indictment matter will simplify the discovery disputes in this case as Ms. Butler is willing to withdraw her objections To Discovery Related to the Indictment and the pending Motion for a Protective Order once the criminal proceedings are complete.

A stay will not unduly prejudice to any party, as evidenced by Defendants' position that they defer to the Court for that decision.

Regardless, to issue a stay, "a court must be satisfied that a pressing need exists, and that need outweighs any possible harm to the interests of the non-moving party." Id. citing Landis, 299 U.S. at 255. For this matter, at the crux of Ms. Butler's objective in seeking to avoid discovery

concerning the Indictment matter is to preserve her defenses to the Indictment and prevent discovery in this civil lawsuit from providing an advantage to the United States government in the Indictment proceedings. This objective is a "pressing need" and does not prejudice the Defendants in any way. In fact, in the event Ms. Butler were to be convicted in the Indictment matter, such evidence could be of substantial benefit to Defendants, which is likely why they assert no objection whatsoever to Ms. Butler's request for a stay.

## CONCLUSION

WHEREFORE, Plaintiff request this Honorable Court issue an Order staying this case until the Indictment proceedings are completed.

Respectfully submitted,

PENDARVIS LAW OFFICES, P.C.

s/ Thomas A. Pendarvis
Thomas A. Pendarvis (Fed. Id. 5785)
Christopher W. Lempesis, Jr. (Fed. Id. 11462)
710 Boundary Street, Suite 1-A
Beaufort, SC 29902
843.524.9500
Thomas@PendarvisLaw.com
Chris@PendarvisLaw.com

Counsel for Plaintiff, Susan A. Butler

Beaufort, South Carolina

September 13, 2019